IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| DIANE M. BRAMLETTE | ) | |
| | ) | |
| Plaintiff, | ) | CV-09-10-GF-SEH-RKS |
| | ) | |
| vs. | ) | |
| | ) | **FINDINGS AND** |
| MICHAEL J. ASTRUE, | ) | **RECOMMENDATIONS OF** |
| COMMISSIONER OF SOCIAL | ) | **MAGISTRATE JUDGE** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff Diane M. Bramlette ("Ms. Bramlette") instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned to issue Findings and Recommendations by order of the Honorable Sam E. Haddon. (C.D. 11.) Venue is proper.

Now pending are the parties' cross motions for summary judgment. (C.D. 18 & 20.) The motions are considered fully briefed and submitted.[1]

## I.   PROCEDURAL BACKGROUND

Ms. Bramlette filed for DIB on March 22, 2006, alleging a disability onset date of January 24, 2006. Tr. at 117-119. Her claims were denied initially on July 5, 2006, and again after reconsideration on November 13, 2006. Id. at 84-89, 92-93. Ms. Bramlette timely requested a hearing on December 15, 2006. Id. at 94-95. The hearing was held November 27, 2007, and a supplemental hearing was held March 6,

---

[1] Plaintiff failed to comply with Local Rule 56.1 which requires that a Motion for Summary Judgment must be accompanied by a Statement of Undisputed Facts. This statement is intended to complete the factual record in the case. See Local Rule 56.1(d). However, because this case is accompanied by the administrative record, the Court chose to proceed without the Statement of Undisputed Fact. Future submissions should comply with all Local Rules.

2008.  Id. at 21-83.

The Administrative Law Judge's ("ALJ") decision was issued on April 30, 2008.  Id. at 7-20.  The Appeals Council denied review on November 28, 2008, id. at 1-3, making the ALJ's April 30, 2008 findings the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 416.1481.

**II. STANDARD OF REVIEW**

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir.

1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.     BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to

perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

    In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity. Id. At step two, the claimant must demonstrate that she has a severe impairment. Id. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability

to engage in past work because of the medical impairments.  Id.  If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC").  Jones, 760 F.2d at 995.

## IV. DISCUSSION

The ALJ found Ms. Bramlette was not disabled during the relevant period for the purposes of Social Security because none of her impairments met or medically equaled the listed impairments, and she retained the RFC to perform other work such as a nurse consultant or medical records clerk.  Tr. at 13, 18-19.  The relevant period here is prior to September 30, 2007.  She was not eligible after that date.

Ms. Bramlette argues 1) she met impairment listing 3.09, 2) the ALJ did not fully credit Dr. Rubin's opinion, and 3) the ALJ erred when determining her credibility.  The Commissioner argues that substantial

evidence supports all the ALJ's determinations.

> **A.   Ms. Bramlette does not meet the criteria of Impairment Listing 3.09.**

Ms. Bramlette argues that she "practically meets" the criteria for chronic pulmonary hypertension, Impairment Listing 3.09, so therefore she should be found disabled if she meets the remaining criteria. For this proposition, she cites no authority. The reason is that no authority exists.

Mr. Bramlette must meet all the medical criteria to show her impairment matches a listing. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). Listing 3.09 requires a mean artery pressure greater than 40 mm Hg. <u>See</u> 20 C.F.R. subpart 404, app. 1, § 3.09. Mr. Bramlette's mean artery pressure was 39. She does not meet or equal the criteria of listing 3.09. "Practically" meeting the listing will not suffice. There was no error in the ALJ's determination that Ms. Bramlette did not meet the criteria for Impairment Listing 3.09.

### B. The ALJ did not improperly reject Dr. Rubin's opinion that Ms. Bramlette was disabled.

Ms. Bramlette argues the ALJ improperly discounted her treating physician, Dr. Rubin's, March 24, 2008 letter in which he states she is "fully and permanently disabled."

An ALJ may disregard the opinion of a treating physician only for clear and convincing reasons. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). In rejecting the treating physicians opinion, the ALJ must provide "specific and legitimate" reasons for doing so. Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995).

Here, the ALJ gave specific and legitimate reasons for rejecting Dr. Rubin's opinion that Ms. Bramlette is disabled. First, he found Dr. Rubin's opinion that Ms. Bramlette was "fully and permanently disabled" on the date of the letter, March 24, 2008, inconsistent with Dr. Rubin's own findings that, during the relevant period prior to September 30, 2007, Ms. Bramlette's pulmonary hypertension was mild at rest

and stable.  Tr.  239, 242-244, 246, 273.  During the relevant period, Dr. Rubin also encouraged Ms. Bramlette to *increase* her level of physical activity. Tr. at 273 (emphasis added). See Flaten v. Secretary of Health & Human Services, 44 F.3d 1453,1463 (9th Cir. 1995)(ALJ may discount a treating physicians opinion if it is inconsistent with his or her own contemporaneous findings).

Second, Ms. Bramlette testified that within the relevant period her pulmonary hypertension was in the early stage and her adjusted medications helped her symptoms.  Tr. at 58, 67.

Finally, and perhaps most importantly, Dr. Rubin's opinion of disability was given after the relevant time period and did not relate to the relevant period. It was therefore irrelevant.  See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989) (deterioration of claimant's condition after the insured date is irrelevant).  Dr. Rubin never opined Ms. Bramlette was disabled before September 30, 2007, the last day of her eligibility.

The ALJ gave specific and legitimate reasons for rejecting the opinion of Dr. Rubin and his decision is supported by substantial evidence.

**C.   The ALJ did not err in Ms. Bramlette's credibility determination.**

To assess a claimant's credibility, the ALJ may consider ordinary credibility evaluation techniques, unexplained or inadequately explained failure to seek or follow treatment, and the claimant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  However, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint."  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834).

An ALJ may take the lack of objective medical evidence into consideration when assessing credibility. Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004). Inconsistencies in testimony may also be factored in

such an assessment. <u>Orn v. Astrue</u>, 495 F.3d 625, 636 (9th Cir. 2007) (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ must also consider the factors set forth in SSR 88-13 including:

- A. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

- B. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

- C. Type, dosage, effectiveness, and adverse side-effects of any pain medication;

- D. Treatment, other than medication, for relief of pain;

- E. Functional restrictions; and

- F. The Claimant's daily activities.

SSR 88-13; 20 C.F.R. § 416.929(c).

If, after engaging in this analysis, the ALJ rejects a claimants subjective testimony of the severity of symptoms, he must cite specific, clear and convincing reasons for doing so.  <u>Smolen</u>, at 1283-84 (citing <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ followed this procedure. He found Mr. Bramlette credible regarding her inability to perform her past work, but found her contention that she was totally disabled not credible. Tr. at 14. He found that Ms. Bramlette's subjective descriptions were not supported by the medical record because her pulmonary arterial hypertension was stable and relatively mild during the insured period. Id. at 15. He also noted that her condition responded well to medication and she improved. Id. Additionally, the ALJ pointed to specific evidence in the record that undermined Ms. Bramlette's credibility, such as: her activities of daily living, her continued smoking, and her exaggeration of her symptoms. Id. at 15-16.

The ALJ identified the evidence he found supported the finding that Ms. Bramlette was not entirely credible. He found that the record did not support the level of limitation Ms. Bramlette alleged. The ALJ relied on permissible factors, such as activities of daily living, the effect of medication, and lack of objective medical evidence. Therefore, the Court

cannot say the ALJ's credibility determination was erroneous.

### V. CONCLUSION

The ALJ did not err as a matter of law and his conclusions are supported by substantial evidence.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Ms. Bramlette's Motion for Summary Judgment (C.D. 18) should be **DENIED;**

2. the Commissioner's Motion for Summary Judgment (C.D. 20) should be **GRANTED.**

### VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole

or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 14th day of September, 2009.

>*/s/ Keith Strong*
> Keith Strong
> United States Magistrate Judge